UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT E. CARMAN,**
**ROBIN K. CARMAN**,

      Plaintiffs,

    v.                                        **CIV NO. 04-496 DJS/RHS**

**UNITED STATES OF AMERICA**,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant's Motion to Dismiss filed October 13, 2004 (Docket No. 6). Briefing was complete with regard to that motion as of January 28, 2005 (Docket No. 21). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendant seeks an order dismissing the complaint on the grounds that it fails to state a claim upon which relief can be granted and because the Court lacks jurisdiction over the subject matter alleged therein.

    The instant action is a civil suit brought by Plaintiffs in their capacity as *pro se* litigants. Plaintiffs seek an order from the Court directing the Internal Revenue Service (IRS) to provide them with a citation and date "that Title 26 (26 U.S.C.) was enacted into positive law throughout the 50 states". Complaint, p. 4. In addition, Plaintiffs seek an order directing the IRS to cite the statute which makes them taxpayers subject to individual income tax as well as a regulation giving Title 26

1

full force and effect of law. Id. Lastly, Plaintiffs seek an order from the Court directing the IRS to "Cease and desist in using fraudulent means to threaten, intimidate, defraud, and attempt to extract sums greater than authorized by law from them." Id.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiffs. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).   Despite this standard, Plaintiffs' complaint fails to state a claim based upon the allegations therein.

The core of Plaintiff's complaint appears to be their contention that they are not subject to paying federal income tax. Complaint, p. 3, ¶8 ("Plaintiffs have been unable to locate any similar statute in the estimated 300 million line of the Internal Revenue Code which similarly imposes any liability on plaintiffs' income"). Plaintiffs offer no facts in support of this contention, other than the argument that repeated inquiries to the Internal Revenue Service seeking the statutory and regulatory authority for imposition of tax against them have resulted in no answer by that governmental agency. Plaintiffs seek an order from the Court supporting their conclusion that the agency's silence constitutes an admission that they are not subject to income tax. In its motion to dismiss, Defendant cites a variety of statutes authorizing the federal government to tax individual income, beginning with 26 U.S.C. §1, which imposes tax on the income of married individuals, heads of households, unmarried individuals, and estates and trusts.

Review of the Court's records reveal that the instant action is not Plaintiffs' first challenge to their tax liability. Plaintiffs previously brought the action Robert E. Carmand and Robin K. Carman

v. Internal Revenue Service, 99-Civ-689 JP/LFG. By that action, Plaintiffs sought a refund of taxes paid on the basis that their income was not taxable. Carman v. IRS, 99-Civ-689 JP/LFG, Order of Dismissal filed 10/19/99 (Docket No. 8). The Court found that it lacked subject matter jurisdiction over the complaint and, in the alternative, that Plaintiffs failed to state a valid claim. Id. Plaintiffs subsequently moved to void the judgment on the ground of fraud, misrepresentation, or deceit, which motion was denied by the Court. Carman v. IRS, 99-Civ-689 JP/LFG, Order filed 12/27/99 (Docket No. 11). By this previous action, Plaintiffs have received a prior judicial determination that they are subject to tax liability. See Duhart v. Carlson, 469 F. 2d 471 (10th Cir. 1972) (A Court may take judicial notice of its own records), cert. denied 410 U. S. 958 (1973).

On December 16, 2004, Plaintiffs filed a Motion to Quash (Docket No. 16) requesting that the Court issue an order nullifying all notice of levy and notice of tax lien that have been issued against them, as well as any such notices that might be issued against them in the future on the ground that such notices are based on fraud. Defendant's response to the motion properly points out that the Anti Injunction Act, 26 U.S.C. §7421, specifically prohibits suits to restrain the assessment or collection of tax. Plaintiffs appear to contend that they are not taxpayers and, thus, do not fall within the scope of the tax code. However, they offer no support for their position that they do not qualify as individuals subject to income tax. As noted, their tax liability has already been upheld in a previous suit against the United States Internal Revenue Service.

Plaintiffs requests that the Court enter an Order requiring Defendant to provide them with a citation for the proposition that Title 26 of the United States Code has been enacted into law is not a ground upon which the Court will offer relief, as Plaintiffs can easily look up the statute and the date of enactment themselves. The course of this litigation has provided Plaintiffs with a citation to

statutes, as well as a prior ruling of this Court with regard to them, which provide authority for the proposition which they are subject to income tax. Plaintiffs request for an injunction requiring Defendant to cease efforts to collect tax from them is not relief which is available under law based upon the few facts they have presented to the Court. Lastly, to the extent that Plaintiffs claim that Defendant is seeking to tax them for amounts greater than are authorized by law, they offer no particulars or facts in support of the assertion and relief cannot be granted, as their general allegations fail to state a claim.

**IT IS THEREFORE ORDERED** that the complaint is hereby dismissed for failure to state a claim.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**